**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

**HOUSE PLAN ZONE, LLC** **PLAINTIFF**

**V.** **CIVIL ACTION NO.:**

**KOBECK PROPERTIES, LLC, JOHN KOBECK, REAL BROKER, LLC, AND TERRI KELLEY, AND JOHN DOES 1-5** **DEFENDANTS**

***JURY TRIAL DEMANDED***

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

House Plan Zone, LLC ("HPZ") file this their complaint against Defendants, Kobeck Properties, LLC, John Kobeck, Terri Kelley, Real Broker, LLC and John Does 1-5 (collectively "Defendants") stating as follows:

## INTRODUCTION

1. House Plan Zone, LLC is residential and building design firm. Among other things, they license house plans for sale through various websites. These plans are available for licensing to both individual homeowners and builders.

2. Kobeck Properties, LLC ("KP"), used HPZ 's copyrighted plans and related documents in unauthorized manner, used them without permission, without licensing those plans. These actions infringed HPZ 's registered copyrights in the plans.

3. HPZ files this suit to protect the results of the effort and professional skill that is required to produce the kind of house plans that Kobeck Properties and John Kobeck found so compelling that they used them in ways they did not have authority to do.

## JURISDICTION AND VENUE

4. This claim arises under the Copyright Act, 17 U.S.C 101 *et. seq.* and Digital Millennium Copyright Act, 17 U.S.C. § 1201.

5. Subject matter and personal jurisdiction are vested in this Court pursuant to 28 U.S.C. 1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C 1331 as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c). Each of the Defendants is subject to jurisdiction and venue in this Court because they reside in this District and transact business in this district on a regular basis.

## THE PARTIES

6. House Plan Zone, LLC is a Mississippi limited liability company engaged in the business of creating, publishing, advertising, and licensing residential design, and has a principal place of business in Hattiesburg, Mississippi.

7. Kobeck Properties, LLC is an Alabama limited liability company doing business in Alabama and will receive notice of this complaint by service upon its and will receive notice of this complaint by service upon its registered agent or officer, John Kobeck, at 109 Lafayette Street, Valley, AL 36854 or wherever they may be found.

8. John Kobeck is an owner and officer of Kobeck Properties, LLC and may be served with process at 109 Lafayette Street, Valley, AL 36854 or wherever he may be found.

9. Terri Kelley is affiliated with Terri Kelley Group and Real Broker, LLC and with received notice of this Complaint at 3711 20th Ave., Valley, AL 36854 or where she may be found.

10. Real Broker, LLC is a limited liability company doing business in Alabama and will receive notice of this Complaint upon service of its registered agent or officer, Corporate Creations Network, Inc., at 4000 Eagle Pointe Corp. Drive, Birmingham, AL 35242 or wherever they may be found.

## FACTS

11. HPZ is residential design firm. They are the author of, and at all times relevant to this claim, have been and are now the sole owners and proprietors of all right, title and interest in and to the copyright of a certain home designs known as

a. Adeline – BB-1292; U.S. Copyright Registration No. VA 2-192-203

b. Aubrey – BB-1416; U.S. Copyright Registration No. VA 2-204-368

c. Jade Oaks – 1479; U.S. Copyright Registration No. VA 2-378-512

d. Sandalwood -BB-1657; U.S. Copyright Registration No. VA 2-141-611

e. Luckett – 1459; U.S. Copyright Registration No. VA 2-316-860

12. The U.S. Registrar of Copyrights has issued registrations for architectural plans listed above, collectively "The Plans". (Attached as Exhibits "A" through "E"). Those plans and technical drawings are "pictorial, graphical, and sculptural works" and "architectural works" as defined by Title 17 of the United States Code.

13. HPZ has complied in all respects with Title 17 of the United States Code and all other United States laws governing copyrights and has secured the exclusive rights and privileges in and to the copyrights to the above-described architectural works. The Plans and copyrights constitute material wholly original to HPZ, including the overall look and feel of the works, the selection and arrangement of the constituents' parts of the work, and the proportions of exterior features and massing.

14. The overall configuration and arrangement of spaces, elements, and features in the design of The Plans is not a collection or compilation of standard rooms and pre-existing forms. To the contrary, the shapes and sizes of the rooms and spaces, the shapes and sizes of the exterior elements and features, the piecing together and placement of all the spaces, design features and other architectural details to fit them into an overall whole come from the mind and creativity of the HPZ.

15. HPZ's copyright in the above-described works are presently valid and subsisting and were valid and subsisting from the moment of its creation, and all conditions precedent to the filing of this suit have occurred.

16. The Plans were and are available for licensing through HPZ's websites and other vendor websites. The plans were advertised and marketed in a manner that put potential licensors on notice that the plans were copyrighted.

17. Kobeck Properties, LLC is a residential construction company that infringed upon the copyrights of HPZ and built and advertised the Plans.

18. Kobeck had previously purchased licenses to build plans from HPZ or its vendors, including a single build license with one additional build license for HPZ Barclay, single use license for HPZ Jade Oaks, and single use license for HPZ Aubrey.

19. John Kobeck is an experienced builder and the principal of Kobeck Properties. As a person with extensive experience in home construction, he knew or reasonably should have known that the Plans are protected by copyrights.

20. Real Broker, LLC is a real estate broker that Terri Kelley works for and advertises and sold the Plans. Upon information and belief, that work was under the trade name of Terri

Kelley Group. As a brokerage with extensive experience in residential home sales, it knew or reasonably should have known that the Plans are protected by copyrights.

21. Terri Kelley is an experienced realtor and the agent or broker with Real Broker, LLC. As a person with extensive experience in residential home sales, she knew or reasonably should have known that the Plans are protected by copyrights.

22. At all relevant times, as an owner of Kobeck Properties, John Kobeck had a direct financial interest in all of Kobeck Properties activities, including those complained of in this lawsuit.

23. At all relevant times, as an agent, broker, or employee of Real Broker, LLC, Terri Kelley had a direct financial interest in all of Terri Kelley Group activities, including those complained of in this lawsuit.

24. Upon information and belief, Kobeck Properties, John Kobeck obtained copies of the Plans. They obtained the copies either through customers or other builders who were in possession of the Plans. Alternatively, they obtain copies of the Plans through the HPZ website or vendor websites.

25. To the extent that Kobeck Properties and John Kobeck obtained a valid license, upon information and belief, their use exceeded the license.

26. Kobeck Properties and John Kobeck, then began construction and advertising of houses using the Plans and/or derivative works of the Plans that are substantially similar or virtually identical version of the Plans. As Kobeck Properties’ principal John Kobeck directed Kobeck Properties to use these Plans.

27. Real Broker, LLC, and Terri Kelley obtained the copies either through John Kobeck, Kobeck Properties, or other builders who were in possession of the Plans. Alternatively, they obtain copies of the Plans and images of the Plans through HPZ's website or vendor websites.

28. Real Broker, LLC, Terri Kelley Group, and Terri Kelley's advertised the copyright infringing houses using the Plans and/or derivative works of the Plans that are substantially similar or virtually identical version of the Plans.

29. Upon information and belief, the HPZ's copyrighted plans were built and advertised, including, but are not limited to social media, internet, brochures, real estate advertisements, and other conventional marketing techniques.

30. Defendants infringed on HPZ's copyrights by taking the Plans and either constructing them as drawn or redrawing them to be virtually identical or substantially similar to the original plans and claiming it as their own.

31. Defendants publicly claimed the plans as their own, including by marketing them with a title never used by HPZ, thus creating an incentive for other potential customers of HPZ not to purchase the plan, resulting in lost revenue, and confusion as to the owner of the copyrighted plans.

32. On May 19, 2026, HPZ sent a copyright infringement notice and demand letter to Kobeck Properties and John Kobeck. It got no response, so it sent a follow-up letter to Kobeck Properties and John Kobeck on June 11, 2026. It still got no response.

33. Follow-up correspondence to Kobeck Properties failed to produce any information or documentation that Kobeck Properties had the right to use HPZ plans in the manner that they were used. John Kobeck refused to provide any of the requested information to HPZ.

34. On June 9, 2026, HPZ sent a copyright infringement notice and demand letter to Terri Kelley Group and Terri Kelley. Terri Kelley never responded.

## CAUSES OF ACTION

## COPYRIGHT INFRINGEMENT

35. Plaintiffs reallege and incorporate herein by reference each and every prior allegation as if set forth herein.

36. Defendants have infringed HPZ's copyrights in and to the Plans by scanning, copying, building, and/or reproducing unauthorized copies and/or derivatives of said plans within the United States.

37. Defendants infringed HPZ 's copyrights in and to the Plans, by advertising, constructing or having houses constructed using the copied plans or derivatives thereof and realizing profits therefrom without a license to do so.

38. Defendants infringed upon HPZ 's copyrights by using them without a license or permission, advertising them for sale and claiming them as their own.

39. HPZ never authorized Defendants to reproduce or distribute copies of the Plans outside of the license, remove HPZ copyright management information, or to claim them as their own.

40. Defendants' actions were negligent and/or willful and done when they knew or should have known they lacked the right or permission or license to use the Plans.

41. Defendants distributed or caused to be distributed the Plans, substantially similar or virtually identical copies of the Plans when it knew or should have known the copyright management information had been removed.

42. Defendants knew or should have known that this conduct would induce, enable, facilitate, or otherwise conceal an infringement of HPZ rights.

43. It is well known in the home building industry and real estate industry that it is improper to reproduce, distribute, and create derivative works from architectural works without permission of the copyright owner.

**CAUSATION / DAMAGES**

44. Plaintiff realleges and incorporate herein by reference each and every prior allegation as if set forth herein.

45. Defendants' actions constitute copyright infringement pursuant to 17 U.S.C. §501, et al.

46. As a proximate result of the above-described acts of copyright infringement by Defendants, HPZ has sustained lost profits and/or licensing revenue in an amount not yet ascertained.

47. HPZ requests there be an accounting of all gains, profits and advantages derived by Defendants as a result of the unlawful acts of copyright infringement

48. Pursuant to 17 U.S.C. §504(b), Plaintiffs are entitled to recover from each Defendant, jointly and severally, its actual damages suffered as a result of these infringements.

49. Pursuant to 17 U.S.C. §504(b), Plaintiffs are entitled to recover from each Defendant, all profits that are attributable to these infringements.

50. Alternatively, pursuant to 17 U.S.C. §504(c), Plaintiffs are entitled to recover statutory damages from each Defendant, including enhancement if it is found to be willful.

51. Kobeck Properties is a contributory infringer for any acts of infringement that were committed by third parties at Kobeck Properties request or direction.

52. Kobeck Properties and John Kobeck are a contributory infringer to the extent it provided copyright protected plans to other individuals or entities that it knowingly allowed them to advertise and/or build in violation of any license held by Kobeck Properties or John Kobeck.

53. John Kobeck materially induced, assisted, or caused the acts of infringement of Kobeck Properties, thus has committed contributory infringement and is jointly and severally liable for any award against Kobeck Properties.

54. Kobeck Properties is vicariously liable for the infringements committed by John Kobeck or other third parties on behalf of Kobeck Properties.

55. Real Broker, LLC is vicariously liable for the infringements committed by Terri Kelley and the Terri Kelley Group, or other third parties at their direction.

56. Terri Kelley is a contributory infringer for any acts of infringement that were committed by third parties at Kobeck Properties' request or direction.

57. To the extent that any actions of copyright infringement were undertaken by third parties other than Defendants, the Defendants had had a financial interest in such actions, right to supervise them, and assisted in such actions.

58. Additionally, Defendants' infringements have caused damage to the business relationship between HPZ and its customers and potential customers, diluted the local market for sales of its house plans, and generally caused HPZ a loss of good will and reputation in the community.

59. HPZ is entitled to recover their cost, pre-judgment interest, post-judgment interest, including expert witness' professional fees, and attorney's fees.

60. Pursuant to 17 U.S.C. §502, Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain copyright infringement of the copyrighted works, including, but not

limited to further reproduction or distribution of infringing plans and marketing materials of the infringing houses.

61. Pursuant to 17 U.S.C. §503(b), Plaintiffs are entitled to an order requiring the destruction of or other reasonable disposition of all infringing copies of plans found to have been made in violation of copyrights.

62. HPZ request any other and further relief as this court shall deem just and proper.

**PLAINTIFF, HOUSE PLAN ZONE, LLC, DEMAND A JURY TRIAL IN THIS CAUSE OF ACTION.**

THIS the 5th day of November, 2026.

Respectfully submitted,

**HOUSE PLAN ZONE, LLC**

*/s/ M. Andrew Donaldson*
M. ANDREW DONALDSON
(ASB-9007-O76M)

OF COUNSEL:
Holtsford Gilliland Hitson Howard
Stevens Tuley & Savarese, P.C.
PO Box 4128
Montgomery, AL 36103-4128
Phone: 334-215-8585
Fax: 334-215-7101
Email: adonaldson@hglawpc.com